# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

GRACE KIMANI,

    Plaintiff,

    v.

BETHESDA LUTHERAN COMMUNITIES,

    Defendant.

NO. C16-0992RSL

ORDER DENYING EMERGENCY MOTION TO QUASH SUBPOENAS

This matter comes before the Court on defendant's "Emergency Motion for Protective Order and Motion to Quash." Dkt. # 31. The motion is DENIED. Defendant has no right to take plaintiff's deposition before producing its own witnesses. To the extent plaintiff agreed to that procedure, she made a good faith effort to provide testimony before the dates on which defendant's witnesses are to be deposed. Plaintiff waited over two and a half months to have the June 12th and 13th deposition dates confirmed. In light of the upcoming discovery deadline, there is no reason to delay longer.[1]

---

[1] Defendant's objection to the failure to provide witness fees does not justify emergency relief: that failure was apparent on May 26, 2017, and should have been timely raised so that plaintiff had an opportunity to respond and/or rectify the oversight.

    Nor does defendant's assertion that the Amended Complaint is vague require a protective order. At present, plaintiff has not alleged a retaliation claim in this litigation, and defendant may prepare its witnesses accordingly. Relevance is not an appropriate grounds for refusing to answer a question at deposition, however. The objection "must be noted on the record, but the examination still proceeds."

ORDER DENYING EMERGENCY
MOTION TO QUASH SUBPOENAS - 1

Dated this 9th day of June, 2017.

                                      */s/ Robert S. Lasnik*
                                  Robert S. Lasnik
                                  United States District Judge

---

Fed. R. Civ. P. 30(c)(2). If, based on the evidence obtained, a retaliation claim can be properly alleged, plaintiff may move to modify the case management deadlines under Fed. R. Civ. P. 16(b)(4) and amend her complaint under Fed. R. Civ. P. 15(a)(2).

ORDER DENYING EMERGENCY
MOTION TO QUASH SUBPOENAS - 2